UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **MARCATUS QED, INC.** )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**UNITED STATES** )<br>)<br>**Defendant** )<br>) | **Court No. 24-00091** |

## COMPLAINT

Marcatus QED, Inc. ("Marcatus"), by and through its counsel, states the following claims against Defendant, the United States:

### INTRODUCTION

1. Marcatus seeks judicial review of the U.S. Department of Commerce ("Commerce") final scope ruling determining that certain preserved garlic in brine imported by Marcatus is covered by the antidumping duty order on Fresh Garlic from China. *See* Memorandum from Charles DeFilippo to James Maeder re: *Final Scope Ruling on Marcatus' Whole Garlic Cloves Preserved in Brine* ("Final Scope Ruling").

### JURISDICTION

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because this action is commenced under 19 U.S.C. § 1516a(a)(2)(B)(vi) which grants the Court jurisdiction over a determination regarding whether a particular type of merchandise is within the class or kind of merchandise described in an existing finding of dumping or antidumping or countervailing duty order.

## STANDING OF PLAINTIFF

3. Marcatus is the importer of certain shipments preserved garlic in brine. Marcatus filed the scope ruling request that gave rise the challenged scope finding and participated in the underlying administrative proceeding. Marcatus is, therefore, an interested party as defined in 19 U.S.C. §§ 1516a(f)(3), 1677(9)(A).

4. Accordingly, Marcatus has standing to bring this action under 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

5. Commerce issued the Final Scope Ruling on April 18, 2024. Marcatus filed the summons on May 16, 2024 within 30 days after the mailing of the Final Scope Ruling. This complaint is being filed within 30 days of the filing of the summons consistent with Rules 3(a)(2) and 6(a) of this Court and 19 U.S.C. § 1516a(a)(2)(A)(ii). Accordingly, this action is timely filed.

## STATEMENT OF FACTS

6. In early 2023, U.S. Customs and Border Protection ("CBP") determined that certain import entries of preserved garlic in brine imported by Marcatus were covered by the antidumping duty order on Fresh Garlic from China and issued a bill for the underpayment of duties.

7. Marcatus filed an administrative protest with CBP contesting those findings and stating Marcatus' intent to seek a scope ruling from Commerce.

8. On May 26, 2023, Marcatus filed a scope ruling request with Commerce detailing the reasons why its shipments of preserved garlic in brine fell outside of the antidumping duty order on Fresh Garlic from China.

9. The scope inquiry was deemed initiated on June 26, 2023 because Commerce found no basis to reject the request.

10. On July 26, 2023, the Fresh Garlic Producers Association, representing the interests of the domestic industry, commented on the scope ruling request.

11. On August 9, 2023, Marcatus submitted rebuttal comments.

12. Commerce subsequently issued a supplemental questionnaire to which Marcatus timely responded to on November 7, 2023.

13. On April 18, 2024, Commerce issued its Final Scope Ruling finding that the merchandise described in Marcatus' scope ruling request was covered by the antidumping duty order on Fresh Garlic from China.  Commerce found, *inter alia*, that Marcatus' shipments of garlic were provisionally preserved and were not removed from the scope by virtue of heat processing or the addition of other ingredients.

14. On May 16, 2024, Marcatus filed the summons that gives rise to the above-captioned proceeding.

## STATEMENT OF CLAIMS

15. In the following respects, and for other reasons apparent from the administrative record of the underlying scope proceeding, Commerce's Final Scope Ruling regarding Marcatus'

imported garlic in brine is not supported by substantial evidence and is otherwise not in accordance with law

**Count 1: Commerce's finding that the merchandise at issue was provisionally preserved is not supported by substantial evidence.**

16. Marcatus hereby re-alleges and incorporates by reference paragraphs 1 through 15.

17. Commerce's finding that the nature of the preservation process applied to Marcatus' preserved garlic in brine was only provisional is inconsistent with the record and relies primarily on the language associated with the relevant tariff subheading and not a full analysis of the record.

**Count 2: Commerce's finding that the addition of salt and citric acid performed by Marcatus' supplier was not preservation through the addition of other ingredients is not supported by substantial evidence.**

18. Marcatus hereby re-alleges and incorporates by reference paragraphs 1 through 17.

19. Commerce's finding that the addition of salt and citric acid during the fermentation process performed by Marcatus' supplier did not remove the underlying garlic from the scope of the order was in error and not supported by substantial evidence.

**Count 3: Commerce's finding that the blanching performed by Marcatus' supplier was not heat treatment is not supported by substantial evidence.**

20. Marcatus hereby re-alleges and incorporates by reference paragraphs 1 through 19.

21. Commerce's finding that the blanching performed by Marcatus' supplier does not qualify as heat treating within the meaning of the scope language relied on its prior scope rulings on this issue rather than an investigation of the record before Commerce in this proceeding. As a result, that determination was not supported by substantial evidence.

- 5 -

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, fore the foregoing reasons, Marcatus prays that this Court enter judgment as follows:

(A) Enter judgment in favor of Marcatus;

(B) Find Commerce's Final Scope Ruling unsupported by substantial evidence;

(C) Remand the Final Scope Ruling to Commerce with instructions to issue a new ruling consistent with the decision of the Court; and

(D) Grant Marcatus such additional relief as the Court may deem just and proper.

    Respectfully submitted,

    /s/ Daniel L. Porter

    Daniel L. Porter
    Katherine R. Afzal

    **Curtis, Mallet-Prevost, Colt & Mosle LLP**
    1717 Pennsylvania Ave., NW
    Washington, DC 20006
    202-452-1717

    *Counsel to Marcatus QED Inc.*

June 13, 2024